UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELEANOR HEALD, )
RAY HEALD, )
JOHN ARUNDEL, )
KAREN BROWN, )
RICHARD BROWN, ) 00-71438
BONNIE MCMINN, )
GREGORY STEIN, )
MICHELLE MORLAN, )
WILLIAM HORWATH, ) BERNARD A. FRIEDMAN
MARGARET CHRISTINA, ) MAGISTRATE JUDGE GOLDMAN
ROBERT CHRISTINA, )
TRISHA HOPKINS )
and JIM HOPKINS, )
 )
      Plaintiffs, )
 )
vs. )
 )
JOHN ENGLER, governor of Michigan, )
JENNIFER M. GRANHOLM, Attorney )
General of Michigan; and JACQUELYN )
STEWART, Chairperson, Michigan Liquor )
Control Commission, in their Official )
capacities, )
 )
      Defendants. )

## CIVIL COMPLAINT

Plaintiffs Eleanor Heald, Ray Heald, John Arundel, Karen Brown, Richard Brown, Bonnie McMinn, Gregory Stein, Michelle Morlan, William Horwath, Margaret Christina, Robert Christina, Trisha Hopkins and Jim Hopkins make the following allegations for their Complaint. The allegations are based upon information and belief, except for the allegations pertaining to Plaintiffs and their counsel, which are based upon knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging

the constitutionality of Michigan Liquor Control Code § 436.123 and other sections of Michigan's Liquor Laws containing licensing, residence and delivery restrictions, that prohibit out-of-state suppliers from delivering wine and other alcoholic beverages directly to Plaintiffs as their residences within the State of Michigan. Michigan Liquor Control Code provides in part:

> 436.1203(1). Except as provided in this section and section 301, a sale, delivery, or importation of alcoholic liquor, including alcoholic liquor for personal use, shall not be made in this state unless the sale, delivery, or importation is made by the commission, the commission's authorized agent or distributor, an authorized distribution agent approved by order of the commission, a person licensed by the commission, or by prior written order of the commission. All spirits for sale, use, storage, or distribution in this state, shall originally be purchased by and imported into the state by the commission, or by prior written authority of the commission. This section shall not apply in the case of an alcoholic liquor brought into this state for personal or household use in an amount permitted by federal law by a person of legal age to purchase alcoholic liquor at the time of reentry into this state from without the territorial limits of the United States if the person has been outside the territorial limits of the United States for more than 48 hours and has not brought alcoholic liquor into the United States during the preceding 30 days.
>
> 436.1203(2). Notwithstanding subsection (1), a person who is of legal age to purchase alcoholic liquor may import from another state for that person's personal use not more than 312 ounces of alcoholic liquor that contains less than 21% alcohol by volume.

Plaintiffs assert that these statutes interfere with their right to engage in interstate commerce and therefore seek a declaratory judgment that these laws violate the Commerce Clause of the United States Constitution and an injunction against their enforcement.

## JURISDICTION

1. Plaintiffs bring this action to address future violations by Defendants of Plaintiffs' rights and privileges to engage in interstate commerce under the Commerce Clause of the United States Constitution.

2. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' constitutional right to engage in interstate commerce without undue interference by state law.

3. This court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(3), which confers original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

4. This court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Defendants are sued in their official capacities.

## **PLAINTIFFS**

6. Plaintiffs Eleanor Heald, Ray Heald, John Arundel, Karen Brown, Richard Brown, Bonnie McMinn, Gregory Stein, Michelle Morlan, William Horwath, Margaret Christina, Robert Christina, Trisha Hopkins and Jim Hopkins, are citizens of and taxpayers in Oakland and Ingham Counties, State of Michigan.

7. The sale of wine and other alcoholic beverages is permitted in said Counties and has not been prohibited or restricted under the Michigan Liquor Control Code.

8. Plaintiffs are all over twenty-one (21) years of age and legally permitted to purchase, receive, possess and drink wine.

9. Plaintiffs are all regular purchasers and consumers of wine.

10. Plaintiffs are collectors of fine and rare wines.

11. Plaintiffs Ray Heald and Eleanor Heald are wine journalists and critics who are not able to effectively continue such profession because of their inability to receive samples of out-of-state wine shipments as a result of Michigan's law prohibiting the direct shipment of wine to their residence and business.

12. Plaintiffs intend to purchase bottled wine from out-of-state wineries, producers and suppliers, and to have those wines shipped to their residences in Michigan if state law restrictions against interstate direct shipments are removed or declared unconstitutional.

13. Plaintiffs intend to pay any excise tax that may be due on such interstate shipments which has not been paid by the supplier.

## DEFENDANTS

14. Defendant John Engler is Governor of Michigan, and directs and supervises the conduct of Defendants Jennifer M. Granholm and Jacquelyn Stewart.

15. Defendant Jennifer M. Granholm is Attorney General of Michigan and has the authority to prosecute violations of the challenged statutes.

16. Defendant Jacquelyn Stewart is Chairperson of the Michigan Liquor Control Commission, and is charged under Michigan law with enforcing provisions of the challenged statutes.

17. Each of the Defendants has lawful responsibility to see that the provisions of Michigan's Liquor Laws, including § 436.1203, are enforced.

## COUNT I - COMMERCE CLAUSE

18. Plaintiffs want to and intend to purchase bottled wines from suppliers outside the State of Michigan and have those wines shipped directly to their residences in Michigan.

19. Some wines Plaintiffs want to purchase and have delivered are not available and cannot be ordered through licensed vendors in Michigan.

20. Plaintiffs are unable to purchase wine from out-of-state suppliers and have it shipped to their residences in Michigan; out-of-state suppliers will not ship wines directly to residents of Michigan because state law prohibits such shipments.

21. Out-of-state wine suppliers will sell wine to Plaintiffs and deliver it to their residences in Michigan if the laws prohibiting such interstate shipments are repealed or declared unconstitutional.

22. Michigan Liquor Control Code § 436.1203, and other sections of Michigan's Liquor Laws pertaining to licensing, residence and delivery regulations, individually and collectively prohibit direct shipments of wine and other alcoholic beverages from out-of-state suppliers to Plaintiffs' residences within the State of Michigan, except for limited personal importation.

23. Michigan Liquor Control Regulation # R 436.1515 permits licensed in-state vendors to make deliveries to the homes of Michigan residents; Michigan wineries routinely ship their wine in-state to Michigan residences.

24. Some wines Plaintiffs want to purchase and have delivered are not available and cannot be ordered through a licensed vendor anywhere in Michigan.

25. Michigan Liquor Control Code § 436.1909 makes it a misdemeanor for an out-of-state supplier to deliver wine directly to a Michigan resident.

26. On its face, Michigan Liquor Law § 436.1203 only applies to and regulates interstate delivery of alcoholic beverages, and does not apply to intra-state delivery of alcoholic beverages.

27. No other section of the Michigan Liquor Control Code makes improper delivery by an in-state vendor a misdemeanor.

28. Michigan Liquor Laws treat interstate sales and delivery of wine to adults differently from intra-state sales and delivery of wine to adults, discriminates against interstate sales and delivery, and provides a direct economic advantage to in-state businesses, in violation of the Commerce Clause of the United States Constitution.

## REQUEST FOR RFELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring Michigan Liquor Control Code § 436.1203 and the penalty provision, § 436.1909, unconstitutional in violation of the Commerce Clause of the United States Constitution.

B. Judgment declaring that it is an unconstitutional violation of the Commerce Clause for Defendants to apply other provisions of Michigan's Liquor Control Code pertaining to licensing, permit, residency, and wineries, in a manner that prohibits out-of-state suppliers from delivering wine directly to adult Michigan residents.

C. An injunction against Defendants prohibiting them from enforcing the provisions of the Michigan Liquor Control Code prohibiting or punishing the delivery of alcoholic beverages from an out-of-state supplier to an adult Michigan resident.

D. Reasonable attorney's fees pursuant to 42 U.S.C. § 1983.

E. Costs, expenses, and disbursements incurred in connection with this action.

Respectfully submitted,

*[signature]*

Robert D. Epstein, #6726-49
EPSTEIN & FRISCH
One Virginia Avenue, Suite 200
Indianapolis, Indiana 46204
(317) 639-1326

*[signature]*

David D. Whitaker   P40299
PHILO, ATKINSON, STEPHENS,
WRIGHT & WHITAKER
2920 East Jefferson Avenue
Detroit, MI 48206-4286
(313) 259-7200


James A. Tanford
Attorney No. 16982-53
INDIANA UNIVERSITY
SCHOOL OF LAW
211 South Indiana Avenue
Bloomington, Indiana 47405
(812) 855-4846
