UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELEANOR HEALD, RAY HEALD, JOHN ARUNDEL, KAREN BROWN, RICHARD BROWN, BONNIE McMINN, GREGORY STEIN, MICHELLE MORLAN, WILLIAM HORWATH, MARGARET CHRISTINA, ROBERT CHRISTINA, TRISHA HOPKINS, JIM HOPKINS, MALVADINO VINEYARDS, INC. and DOMAINE ALFRED, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN ENGLER, Governor of Michigan, JENNIFER M. GRANHOLM, Attorney General of Michigan, and JACQUELYN STEWART, Chairperson, Michigan Liquor Control Commission, in their Official Capacities,<br><br>Defendants.<br><br>and<br><br>MICHIGAN BEER & WINE WHOLESALERS ASSOCIATION,<br><br>Intervenor-Defendant. | Case No. 00-CV-71438-DT<br><br>BERNARD A. FRIEDMAN<br>United States District Judge<br><br>MARC L. GOLDMAN<br>Magistrate Judge |

## AMENDED CIVIL COMPLAINT

Plaintiffs, Eleanor Heald, Ray Heald, John Arundel, Karen Brown, Richard Brown, Bonnie McMinn, Gregory Stein, Michelle Morlan, William Horwath, Margaret Christina, Robert Christina, Trisha Hopkins, Jim Hopkins, Malvadino Vineyards, Inc. and Domaine Alfred, Inc. make the following allegations for their Complaint. The allegations are based upon information and belief, except for the allegations pertaining to Plaintiffs and their counsel, which are based upon knowledge.

Ex "A"

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Michigan Liquor Control Code § 436.1203 and other sections of Michigan's Liquor Laws containing licensing, residence and delivery restrictions, that prohibit out-of-state suppliers from delivering wine and other alcoholic beverages directly to Plaintiffs at their residences within the State of Michigan. Michigan Liquor Control Code provides in part:

> 436.1203(1). Except as provided in this section and section 301, a sale, delivery, or importation of alcoholic liquor, including alcoholic liquor for personal use, shall not be made in this state unless the sale, delivery, or importation is made by the commission, the commission's authorized agent or distributor, an authorized distribution agent approved by order of the commission, a person licensed by the commission, or by prior written order of the commission. All spirits for sale, use, storage, or distribution in this state, shall originally be purchased by and imported into the state by the commission, or by prior written authority of the commission. This section shall not apply in the case of an alcoholic liquor brought into this state for personal or household use in an amount permitted by federal law by a person of legal age to purchase alcoholic liquor at the time of reentry into this state from without the territorial limits of the United States if the person has been outside the territorial limits of the United States for more than 48 hours and has not brought alcoholic liquor into the United States during the preceding 30 days.
>
> 436.1203(2). Notwithstanding subsection (1), a person who is of legal age to purchase alcoholic liquor may import from another state for that person's personal use not more than 312 ounces of alcoholic liquor that contains less than 21% alcohol by volume.

The Michigan Liquor Control Code was amended by Act 289 Michigan Public Acts of 2000, which reads as follows:

> Sec. 203. (1) Except as provide in this section and section 301, a sale, delivery, or importation or alcoholic liquor, including alcoholic liquor for personal use, shall not be made in this state unless the sale, delivery, or importation is made by the commission, the commission's authorized agent or distributor, an authorized distribution agent approved by order of the commission, a person licensed by the commission, or by prior written order of the commission.

2

(2) For purposes of subsection (1), the sale, delivery, or importation of alcoholic liquor includes, but is not limited to, the sale, delivery, or importation of alcoholic liquor transacted or caused to be transacted by means of any mail order, internet, telephone, computer, device, or other electronic means. Subject to subsection (3), if a retail sale, delivery, or importation of alcoholic liquor occurs by any such means, the retailer must comply with all of the following:

  (a) Be appropriately licensed under the laws of this state.
  (b) Pay any applicable taxes to the commission.
  (c) Comply with all prohibitions of the laws of this state including, but not limited to, sales to minors.
  (d) Verify the age of the individual placing the order by obtaining from him or her an affirmation that he or she is of legal age to purchase alcoholic liquor. The person receiving and accepting the order shall record the name, address, date of birth, and telephone number of the person placing the order on the order form or other verifiable record of a type and generated in a manner approved by the commission.
  (e) Upon request of the commission, make available to the commission any document used to verify the age of the individual ordering the alcoholic liquor from the retail seller.
  (f) Stamp, print, or label on the outside of the shipping container language that clearly establishes in a prominent fashion that the package contains alcoholic liquor and that the recipient at the time of the delivery is required to provide identification verifying his or her age along with a signature.
  (g) Place a label on the top panel of the shipping container containing the name and address of the individual placing the order and the name of the designated recipient, if any.

(3) Notwithstanding subsection (2), in the case of a retail sale, delivery, or importation of alcoholic liquor occurring by any means described in subsection (2), a person taking the order on behalf of the retailer must comply with subsection (2)(c) through (g).

(4) The person who delivers the alcoholic liquor shall verify that the individual accepting delivery is of legal age and is either the individual who placed the order or the designated recipient residing at the same address or is otherwise authorized through a rule promulgated under this act by the commission to receive alcoholic liquor under this section. If the delivery person, after a diligent inquiry, determines that the purchaser or designated recipient is not of legal age, the delivery person shall return the alcoholic liquor to the retailer. A delivery person who returns alcoholic liquor to the retailer due to inability to obtain the purchaser's or designated recipient's

3

legal age is not liable for any damages suffered by the purchaser or retailer.

(5) All spirits for sale, use, storage, or distribution in this state, shall originally be purchased by and imported into the state by the commission, or by prior written authority of the commission.

(6) This section does not apply in the case of an alcoholic liquor brought into this state for personal or household use in an amount permitted by federal law by a person of legal age to purchase alcoholic liquor at the time of reentry into this state from without the territorial limits of the United States if the person has been outside the territorial limits of the United States for more than 48 hours and has not brought alcoholic liquor into the United State during the preceding 30 days.

(7) A person who is of legal age to purchase alcoholic liquor may do either of the following in relation to alcoholic liquor that contains less than 21% alcohol by volume:

(a) Personally transport, from another state, once in a 24-hour period, not more than 312 ounces of alcoholic liquor for that person's personal use, notwithstanding subsection (1).

(b) Ship or import from another state alcoholic liquor for that person's use so long as that personal importation is done in compliance with subsection (1).

(8) As used in this section:

(a) "Computer" means any connection, directly interoperable or interactive device, equipment, or facility that uses a computer program or other instructions to perform specific operations including logical, arithmetic, or memory functions with or on computer data or a computer program and that can store, retrieve, alter, or communicate the results of the operations to a person, computer program, computer, computer system, or computer network.

(b) "Computer network" means the interconnection of hardware or wireless communication lines with a computer through remote terminals, or a complex consisting of 2 or more interconnected computers.

(c) "Computer program" means a series of internal or external instructions communicated in a form acceptable to a computer that directs the functioning of a computer, computer system, or computer network in a manner designed to provide or produce products or results from the computer, computer system, or computer network.

(d) "Computer system" means a set of related, connected or

4

unconnected, computer equipment, devices, software, or hardware.

(e) "Device" includes, but is not limited to, an electronic, magnetic, electrochemical, biochemical, hydraulic, optical, or organic object that performs input, output, or storage functions by the manipulation of electronic, magnetic, or other impulses.

(f) "Diligent inquiry" means a diligent good faith effort to determine the age of a person, which includes at least an examination of an official operator's or chauffeur's license, an official Michigan personal identification care, or any other bona fide picture identification which establishes the identity and age of the person.

Plaintiffs assert that these statutes interfere with their right to engage in interstate commerce and therefore seek a declaratory judgment that these laws violate the Commerce Clause of the United States Constitution and an injunction against their enforcement.

## JURISDICTION

1. Plaintiffs bring this action to address future violations by Defendants of Plaintiffs' rights and privileges to engage in interstate commerce under the Commerce Clause of the United States Constitution.

2. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' constitutional right to engage in interstate commerce without undue interference by state law.

3. This court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(3), which confers original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

4. This court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Defendants are sued in their official capacities.

## PLAINTIFFS

6. Plaintiffs Eleanor Heald, Ray Heald, John Arundel, Karen Brown, Richard Brown, Bonnie McMinn, Gregory Stein, Michelle Morlan, William Horwath, Margaret Christina, Robert Christina, Trisha Hopkins and Jim Hopkins, are citizens of and taxpayers in Oakland and Ingham Counties, State of Michigan.

7. The sale of wine and other alcoholic beverages is permitted in said Counties and has not been prohibited or restricted under the Michigan Liquor Control Code.

8. Plaintiffs are all over twenty-one (21) years of age and legally permitted to purchase, receive, possess and drink wine.

9. Plaintiffs are all regular purchasers and consumers of wine.

10. Plaintiffs are collectors of fine and rare wines.

11. Plaintiffs Ray Heald and Eleanor Heald are wine journalists and critics who are not able to effectively continue such profession because of their inability to receive samples of out-of-state wine shipments as a result of Michigan's law prohibiting the direct shipment of wine to their residence and business.

12. Plaintiffs intend to purchase bottled wine from out-of-state wineries, producers and suppliers, and to have those wines shipped to their residences in Michigan if state law restrictions against interstate direct shipments are removed or declared unconstitutional.

13. Plaintiffs intend to pay any excise tax that may be due on such interstate shipments which has not been paid by the supplier.

14. Plaintiffs Malvadino Vineyards, Inc. and Domaine Alfred, Inc. are small out-of-state wineries that sell their wines out of their respective wineries and often ship directly their wines to their customers in other states, where legal, using common carriers.

6

## DEFENDANTS

15. Defendant John Engler is Governor of Michigan, and directs and supervises the conduct of Defendants Jennifer M. Granholm and Jacquelyn Steward.

16. Defendant Jennifer M. Granholm is Attorney General of Michigan and has the authority to prosecute violations of the challenged statutes.

17. Defendant Jacquelyn Steward is Chairperson of the Michigan Liquor Control Commission, and is charged under Michigan law with enforcing provisions of the challenged statutes.

18. Each of the Defendants has lawful responsibility to see that the provisions of Michigan's Liquor Laws, including § 436.1203, are enforced.

## COUNT I - COMMERCE CLAUSE

19. Plaintiffs want to and intend to purchase bottled wines from suppliers outside the State of Michigan and have those wines shipped directly to their residences in Michigan.

20. Some wines Plaintiffs want to purchase and have delivered are not available and cannot be ordered through licensed vendors in Michigan.

21. Plaintiffs are unable to purchase wine from out-of-state suppliers and have it shipped to their residences in Michigan; out-of-state suppliers will not ship wines directly to residents of Michigan because state law prohibits such shipments.

22. Out-of-state wine suppliers will sell wine to Plaintiffs and deliver it to their residences in Michigan if the laws prohibiting such interstate shipments are repealed or declared unconstitutional.

23. Michigan Liquor Control Code § 436.1203, and other sections of Michigan's Liquor Laws pertaining to licensing, residence and delivery regulations, individually and collectively

7

prohibit direct shipments of wine and other alcoholic beverages from out-of-state suppliers to Plaintiffs' residences within the State of Michigan.

24. Michigan Liquor Control Regulation # R 436.1011(6) permits licensed in-state vendors to make deliveries to the homes of Michigan residents; Michigan wineries routinely ship their wine in-state to Michigan residences.

25. Some wines Plaintiffs want to purchase and have delivered are not available and cannot be ordered through a licensed vendor anywhere in Michigan.

26. Michigan Liquor Control Code § 436.1909 makes it a misdemeanor for an out-of-state supplier to deliver wine directly to a Michigan resident.

27. On its face, Michigan Liquor Law § 436.1203 only applies to and regulates interstate delivery of alcoholic beverages, and does not apply to intra-state delivery of alcoholic beverages.

28. No other section of the Michigan Liquor Control Code makes improper delivery by an in-state vendor a misdemeanor.

29. Michigan Liquor Laws treat interstate sales and delivery of wine to adults differently from intra-state sales and delivery of wine to adults, discriminates against interstate sales and delivery, and provides a direct economic advantage to in-state businesses, in violation of the Commerce Clause of the United States Constitution.

## COUNT II - COMMERCE CLAUSE VIOLATION

30. That Michigan Liquor Control Code § 436.1301 imposes an excise tax on wine.

31. That Michigan Liquor Control Code § 436.1911 further provides that if a person fails or refuses to pay the tax "required by this act, the commission shall assess the tax along with penalty not to exceed $5,000.00."

8

32. That there is no provision or precedent in Michigan law that allows an out-of-state retailer or winery, or a Michigan consumer, to pay excise tax on a wine to be direct shipped to Michigan from an out-of-state source without first distributing the wine through an in-state licensed wholesaler.

33. That the Michigan Liquor Control Code makes interstate sales and delivery of wine to adults unlawful while permitting in-state and delivery of wine to adults, discriminates against interstates sales and delivery, reserves to in-state businesses the exclusive market in wine, and provides a direct advantage to in-state wineries, all in violation of the Commerce Clause of the United States Constitution, Article I, Section 8.

## COUNT III - COMMERCE CLAUSE

34. Plaintiff Malvadino Vineyards, Inc. is located in Murphys, Calaveras County, California and produces bottled wine for commercial distribution and sale.

35. Plaintiff, Domaine Alfred, Inc. is located in San Louis Obispo, California and likewise produces bottled wine for commercial distribution and sale.

36. Malvadino Vineyards and Domaine Alfred hold all licenses required by Federal and California Law to manufacture, bottle, sell and deliver wine; Malvadino Vineyards and Domaine Alfred are not able to become licensed themselves to sell or distribute their wines in the State of Michigan.

37. Malvadino Vineyards and Domaine Alfred have received requests from Michigan residents to deliver wine to them.

38. Malvadino Vineyards and Domaine Alfred would like to deliver wine directly to Michigan residents, but are prohibited from doing so by Michigan Liquor Control Code provisions.

39. Malvadino Vineyards and Domaine Alfred would in fact deliver wine to Michigan residents if they were permitted to do so or the laws prohibiting such deliveries were repealed or declared unconstitutional.

40. If the prohibition against direct shipment is lifted, Malvadino Vineyards and Domaine Alfred intend to comply with all applicable Michigan laws concerning permits, licenses, reporting requirements and payment of taxes.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring Michigan Liquor Control Code § 436.1203 and the penalty provision, § 436.1909, unconstitutional in violation of the Commerce Clause of the United States Constitution.

B. Judgment declaring that it is an unconstitutional violation of the Commerce Clause for Defendants to apply other provisions of Michigan's Liquor Control Code pertaining to licensing, permit, residency, and wineries, in a manner that prohibits out-of-state suppliers from delivering wine directly to adult Michigan residents.

C. An injunction against Defendants prohibiting them from enforcing the provisions of the Michigan Liquor Control Code prohibiting or punishing the delivery of alcoholic beverages from an out-of-state supplier to an adult Michigan resident.

D. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

E. Costs, expenses, and disbursements incurred in connection with this action.

Respectfully submitted,

EPSTEIN & FRISCH

---

Robert D. Epstein, Indiana Attorney No. 6726-49
EPSTEIN & FRISCH
One Virginia Avenue, Suite 200
Indianapolis, Indiana 46204
(317) 639-1326

---

David D. Whitaker
PHILO, ATKINSON,
   STEPHENS, WRIGHT & WHITAKER
2920 East Jefferson Avenue
Detroit, MI 48206-4286
(313) 259-7200

James A. Tanford
Attorney No. 16982-53
INDIANA UNIVERSITY SCHOOL OF LAW
211 South Indiana Avenue
Bloomington, Indiana 47405
(812) 855-4846

*Attorneys for Plaintiffs*