UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELEANOR HEALD, et al.,

    Plaintiffs,

vs.

JENNIFER M. GRANHOLM, et al.,

    Defendants,

vs.

MICHIGAN BEER & WINE
WHOLESALERS ASSOCIATION,

    Intervening Defendant.
_____/

Civil Action No.
00-CV-71438-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COLLECT ATTORNEY FEES FROM INTERVENING DEFENDANT

This matter is presently before the court on the sole remaining issue, which is contained within plaintiffs' motion for attorney fees – namely, whether plaintiffs, as prevailing parties, are entitled to recover attorney fees and costs from the intervening defendant. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this issue without oral argument. All other aspects of plaintiffs' motions for attorney fees and costs have been settled.

The facts of the case are well known, as the case has been the subject of published opinions of the Supreme Court and the court of appeals. *See Granholm v. Heald*, 544 U.S. 460 (2005); *Heald v. Engler*, 342 F.3d 517 (6th Cir. 2003). Plaintiffs, as the prevailing parties, are

entitled to attorney fees pursuant to 42 U.S.C. § 1988(b),[1] and they have negotiated the fee to be paid by defendants.  However, plaintiffs also seek costs and fees from the intervening defendant, the Michigan Beer and Wine Wholesalers Association, which entered the case with the court's permission in August 2000.  At page 11 of their motion for attorney fees, plaintiffs indicate that

> Most of the time, they [intervening defendant] have simply replicated arguments raised by the state defendants, and plaintiffs have saved time and expense whenever possible by filing joint responses and replies to briefs filed by both [intervening defendant] and the State defendants.  However, plaintiffs have identified 50.5 hours of legal time and 12 hours of travel time that were devoted exclusively to responding to motions and briefs filed separately by [intervening defendant], and they also estimate that [intervening defendant's] presence added approximately 50 hours to the time that would otherwise have been needed to respond to the briefs filed by the state officials alone.

Thus, the issue is whether plaintiffs are entitled to collect attorney fees from the intervening defendant for the additional time this party caused plaintiffs to expend in this litigation.

The clear answer to this question is provided by the Supreme Court's decision in *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754 (1989).  In that case, female flight attendants brought a Title VII action against Trans World Airlines to challenge an allegedly discriminatory employment policy.  The policy was abandoned and a proposed settlement was reached.  A union representing flight attendants who had not been affected by the policy intervened to challenge the settlement.  The settlement was approved over the intervenor's objections.  The district court then granted plaintiffs' petition for an award of attorney fees against defendant and the

---

[1]Section 1988(b) states:

> In an action or proceeding to enforce [various civil rights statutes] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . .

2

intervenor pursuant to Title VII's fee-shifting provision, 42 U.S.C. § 2000e-5(k),[2] and the court of appeals affirmed.

In reversing, the Supreme Court held that attorney fees may be assessed "against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." *Id.* at 761. In support of this conclusion, the Court noted that the purpose of the fee-shifting provision is to "vindicate the national policy against wrongful discrimination by encouraging victims to make the *wrongdoers* pay at law – assuring that the incentive to such suits will not be reduced by the prospect of attorney's fees that consume the recovery." *Id.* (emphasis added). It is the defendant, not the intervenor, "who has committed a legal wrong," and it is therefore the defendant, not the intervenor, to whom a prevailing plaintiff must turn for fees. *Id.* In other words, "the logical place to look for recovery of fees is to the losing party – the party legally responsible for relief on the merits." *Id.* at 763, quoting *Kentucky v. Graham*, 473 U.S. 159, 164 (1985) (regarding fee award pursuant to § 1988). The Court drew a distinction between wrongdoers, who are liable for fees because they have caused the violation at issue, and "innocent intervenors," who cannot be held liable for fees because they have played no role in the violation. *Id.* at 761-63. The Court stressed that an intervenor may have other rights, as compared to those of the defendant, and that an intervenor cannot be faulted for joining in litigation in an effort to protect those rights,

---

[2]Section 2000e-5(k) states:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . .

3

even if the intervenor may "advance the same argument as a defendant." *Id.* at 765.[3]

The rule to be gleaned from *Zipes* is that a prevailing plaintiff may not obtain attorney fees from a losing intervening defendant, pursuant to a fee-shifting statute such as § 2000e-5(k) or § 1988, unless the intervening defendant's position was frivolous, unreasonable, or without foundation. Plaintiffs have not shown, and the court does not believe, that intervening defendant's position in this matter can be so characterized. This matter was heavily and legitimated litigated by all sides, and the issues were the subject of divergent views not only among various district courts around the country but also among various circuit courts of appeals. The central issues were not finally resolved until the Supreme Court decided the case (on a 5-4 vote), and even then the issue of the proper remedy was not easily resolved. In short, this was a case in which reasonable minds could, and did, differ, and in which good lawyers on all sides could, and did, make persuasive arguments on a number of complex and difficult issues. The mere fact that the arguments of the defendants and those of the intervenor did not ultimately prevail does not make the positions frivolous, unreasonable, or without foundation. Nor may fees be assessed against the intervenors merely because their presence in the case "required the plaintiffs' lawyers to spend additional time." *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1288 (9th Cir. 2004).

---

[3]This disposes of plaintiffs' argument that the intervenor entered the present case "for a purpose identical to the state defendants – to defend the constitutionality of the statutes being challenged." Plaintiffs' Reply, p. 3. Even if this assertion were true, it is irrelevant under *Zipes*. In fact, however, the assertion is not true. The magistrate judge found that the intervenor "has a sufficiently direct and substantial interest in the subject matter of this litigation" because Michigan's system for regulating the distribution of beer and wine had a direct effect on the business interests of the intervenor's members. Report and Recommendation, pp. 8-9. No party objected to any portion of the report and recommendation, which was accepted and adopted as the findings and conclusions of the court. Therefore, the intervenor had its own rights and interests to protect, just as was the case with the intervening flight attendants' union in *Zipes*.

4

Nor is the court persuaded that any of the case authority cited by plaintiffs justifies departing from the rule articulated in *Zipes*. Several of plaintiffs' cases predate *Zipes* and must be disregarded on this basis alone. *See Charles v. Daley*, 846 F.2d 1057 (7th Cir. 1988); *S & R Wrecker Serv., Inc. v. Mecklenburg County, North Carolina*, 652 F. Supp. 527 (W.D. N.C. 1987); *Robideau v. O'Brien*, 525 F. Supp. 878 (E.D. Mich. 1981). And plaintiffs' two post-*Zipes* cases are easily distinguishable on their facts, which bear no resemblance whatsoever to those of the present case. *See Planned Parenthood v. The Attorney Gen. of the State of New Jersey*, 297 F.3d 253 (3rd Cir. 2002) (fees awarded against the state legislature, which intervened as a defendant to defend the constitutionality of a state anti-abortion statute after the state attorney general, a named defendant, declined to do so; the court therefore deemed the legislature to be "the functional equivalent of a defendant"); and *San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 284 F.3d 1163 (9th Cir. 2002) (fees denied where original plaintiff who obtained a consent decree 18 years earlier in a school desegregation case subsequently defended the decree from collateral attack and then sought fees from the original defendant).

In short, *Zipes* is the controlling authority. Under that case, plaintiffs are not entitled to an award of attorney fees from the intervenor because the intervenor entered the case to protect its own legitimate interests and its litigation position was not frivolous, unreasonable, or without foundation. Plaintiffs may obtain fees from the defendants only. Accordingly,

IT IS ORDERED that plaintiffs' motion for attorney fees from the intervening defendant is denied.

IT IS FURTHER ORDERED that the motion of Wine Michigan, The Coalition for Free Trade, and Family Winemakers to intervene [docket entry 124] is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to strike defendants' unauthorized surreply brief [docket entry 141] is denied.

IT IS FURTHER ORDERED that the intervening defendant's motion for immediate consideration [docket entry 163] is denied.

IT IS FURTHER ORDERED that intervening defendant's motion for leave to file a surreply brief [docket entry 171] is granted.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated:  September 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2006, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager